**UNITED STATES v. ROJAS–VASQUEZ.**

Civ. A. No. 1178.

United States District Court
W. D. Texas, El Paso Division.
May 7, 1951.

H. W. Moursund, U. S. Dist. Atty., San Antonio, Tex., Francis C. Broaddus, Jr., Asst. U. S. Atty., Brooks Thomas, U. S. Naturalization, Examiner, Co-Counsel, El Paso, Tex., for plaintiff.

Hubert T. Faulk, El Paso, Tex., for defendant.

THOMASON, District Judge.

This suit was filed by the United States under 8 U.S.C.A. § 738(a), praying for revocation of the purported naturalization and repatriation of respondent. Trial was had before the Court without a jury.

The evidence of record is essentially uncontroverted, being introduced through the testimony of witnesses, by stipulation, and the introduction of documents without objection. The pertinent facts, as found by the Court, are substantially as follows:

Respondent (called defendant in Government's complaint), Alfonso Rojas-Vasquez, being a resident of El Paso County, State of Texas, at the time of the bringing of the suit, was within the jurisdiction of this Court, and this suit was properly brought before this Court under 8 U.S.C.A. § 738(a).

Alfonso Rojas-Vasquez was born of Mexican citizen parents at Holliday, Kansas, May 30, 1919, and under Article XIV, Section 1, of the Constitution of the United States was a United States citizen at birth. He lived in the United States until 1924, when he moved to Mexico, and returned to the United States in 1937, residing in Kansas City, Missouri, until his subsequent departure. On March 6, 1941, he registered pursuant to the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq. He was later given a physical examination and classified I–A and subsequently received notice to report for induction on July 6, 1942; however, on July 3, 1942, he departed from the United States for the purpose of evading or avoiding training and service in the land or naval forces of the United States because of fear of such service. He remained outside the United States for this purpose until October, 1949, and was, on September 27, 1944 (the effective date of P.L.431, amending Section 3 of the Act of February 5, 1917, 8 U.S.C.A. § 801(j), so remaining outside the United States for the purpose of evading or avoiding training or service in the land or naval forces of the United States.

On August 6, 1947, respondent appeared in the American Consulate at Juarez, Chihuahua, Mexico, and applied for a Certificate of Loss of Nationality of the United States, alleging to the American Consul that he had lost his United States citizenship on July 7, 1946 under Section 401(e) of the Nationality Act of 1940, 8 U.S.C.A. § 801(e), by voting in a political election in Mexico, a foreign state. Solely in reliance on the truth of said allegations, the American Consul accepted the application of respondent for naturalization as a citizen of the United States, pursuant to Section 323 of the Nationality Act of 1940, as amended, 8 U.S.C.A. § 723, which grants the right of naturalization to a person "who, while a citizen of the United States and prior to August 7, 1946, has lost citizenship of the United States by voting in a political election in a foreign state other than a state at war with the United States during the Second World War". Respondent was thereupon naturalized under said section by taking the prescribed Oath of Allegiance.

The United States Vice Consul who administered the Oath was present at the trial of this case and testified that had he known the true facts regarding the respondent's departure from and remaining

outside the United States, he would not have proceeded with the naturalization.

The facts now in evidence before the Court clearly show that subject lost his citizenship under Section 401(j) of the Nationality Act of 1940, 8 U.S.C.A. § 801 (j), on September 27, 1944, and could not, therefore, have lost his citizenship at a subsequent date, as he claimed before the American Vice Consul. Section 323 of the Nationality Act of 1940, as amended by the Act of August 7, 1946, P.L. 614, 8 U.S.C.A. § 723, reads:

" *    *    *    *    *    *

"A person who, while a citizen of the United States and prior to August 7, 1946, has lost citizenship of the United States by voting in a political election in a foreign state other than a state at war with the United States during the Second World War may, if he so desires, be naturalized by taking, prior to one year from August 7, 1946, before any naturalization court specified in subsection (a) of section 701 of this title, or before any diplomatic or consular officer of the United States abroad, the oaths prescribed by section 735 of this title. Certified copies of such oath shall be sent by such diplomatic or consular officer or such court to the Department of State and to the Department of Justice. Such persons shall have, from and after naturalization under this section, the same citizenship status as that which existed immediately prior to its loss. As amended Apr. 2, 1942, c. 208, 56 Stat. 198; Aug. 7, 1946, c. 769, 60 Stat. 866."

It is obvious that this section intends to permit the naturalization of a certain class of persons only, that is, persons who lost their American citizenship solely by voting in a political election in a foreign state not at war with the United States during World War II. Respondent does not fall within this class.

Further, it is clear that this case falls within the requirements for revocation of a naturalization as set out in 8 U.S.C.A. § 738(a), in that the naturalization involved herein was fraudulently and illegally procured.

Therefore, the purported naturalization as a United States citizen obtained by respondent by being permitted to take the Oath of Renunciation and Allegiance before an American Vice Consul in Juarez, Mexico, was null and void ab initio, and it is hereby ordered that said naturalization be revoked and held for naught and any and all certificates and documents issued pursuant thereto be cancelled.